## SUPERIOR COURT.

### JAMES VINCENT, and forty-five other plaintiffs, agt. CORNELIUS VANDERBILT.

The court has a right, in proper cases, to call for the *residence* and *occupations* of the respective *plaintiffs* in a cause.

It is no valid objection that it is difficult to comply with such a requisition. An attorney who sues in court, is bound to know the place of residence and occupation of his client, that it may be disclosed, if the rights of the defendant require it.

Where the defendant showed, that in several suits brought against him by different plaintiffs, for several alleged causes of action arising out of the same transaction, that several of the nominal plaintiffs were dead, that others were probably so, that some others were probably non-residents, and that third persons probably held, as beneficial owners or assignees, most of the claims upon which the actions were founded, *held*, that the defendant was entitled to the names of the plaintiffs and their residences, to prove these facts by their own evidence if necessary; and to show that the alleged assignees had a right to sue. And also had a right to such information, in order to enable him to obtain security for costs from the non-residents.

The court has authority to require the exhibition, by the *attorney* in a cause, of his *authority* to sue in the name of a plaintiff. And this authority will be exercised where the case is peculiar, and the rights of the defendant seem to demand it.

*General Term, January*, 1855.

HORACE F. CLARK, *att'y for plaintiffs.*
WM. SILLIMAN, *for att'y plaintiffs.*

By the court—HOFFMAN, Justice. An order, made on the 12th of October last, at special term, has been brought before the general term, and is for the plaintiff's attorney to show cause as follows:—

1. Why the attorney of the plaintiffs in these numerous actions should not furnish to the attorney of the defendant, a sworn statement, showing the christian names in full, and the residences of the plaintiffs in the actions respectively, and

Vincent and others agt. Vanderbilt.

specifying the state, county, town, and village where such plaintiffs respectively reside, and if they, or any of them, reside in a city, the street and number where they reside. 2. To produce such plaintiffs personally in court, or to furnish proof that the plaintiff in each case is living. 3. To furnish proof of the authority of the attorney to prosecute the actions, and to disclose the means by which such authority, if any, was communicated; if in writing, to deposit the same with the clerk. 4. In case the court permits the actions to proceed, then to file security for costs in the actions in which the plaintiffs shall appear to be non-residents of the state. 5. If the court allows the actions to proceed, then to show cause why the complaints should not be set aside, as not conformable to the 142d section of the Code; or why the plaintiffs should not be compelled to elect on which of the five counts or statements of causes of action they will rely, and that the residue be stricken out. 6. Why the proceedings in all the actions, except one, should not be stayed until such action shall be determined; and for such order generally as should be proper.

This application is made in the first entitled suit, and in forty-five others, set out in a printed list annexed to the order. The ground of the action is, in substance, that the defendant was a common carrier, and owner of a certain line of vessels and conveyances, used in the transportation of passengers and baggage from the port of New-York to the port of San Francisco, in California, by the way of Nicaragua. That on the —— day of ——, 1852, he received the plaintiff on board of one of the vessels of said line as a passenger, to be conveyed from the city of New-York to San Francisco, aforesaid, for hire and reward. That it then became his duty to carefully convey him, as soon as he reasonably could, without delay—furnish him with bed and accommodation, good and sufficient food, &c.— to have provided sufficient room, and not overcrowd the same. The complaint then states various violations and neglects of the obligations thus assumed, the injury and damage resulting from them, and demands judgment for the damages.

1. The authorities cited are decisive of the right of the court

Vincent and others agt. Vanderbilt.

to call for the residence and occupations of the plaintiffs respectively. In *Johnson* agt. *Birley*, (5 *Bar. & Ald.* 540,) this was done in the case of an assault, where numbers were present, and the defendant could not ascertain, on inquiry, who the plaintiff was. The court say that the rule had generally been confined to actions of *qui tam* and ejectment, because it is only in such cases that the defendant is generally ignorant of the plaintiff or his person. BAYLEY, Justice, said, that previous to the statute of Westminster, a plaintiff appeared in person, unless he had a special writ authorizing him to appear by attorney. Then the pleadings were *ore tenus*, and a defendant had the privilege of seeing and knowing who the plaintiff was. After stating some further reasons, he says, " It is necessary, in order that both parties may have a fair trial, that the information required by this rule should be given." In *Wharton and others* agt. *Smith*, (6 *J. B. Moore*, 110,) on case for a libel by three plaintiffs, a rule was made absolute, that the plaintiff give the particulars in writing of the places of residence and occupations of the two other plaintiffs, and in the meantime all further proceedings to be stayed. It was submitted that the knowledge was important to enable the defendant to justify, or otherwise to shape his defence. (*See also M'Roeman* agt. *Patrick*, 4 *How. Miss. Rep.* 333 ; *and West* agt. *Houston*, 3 *Harring*, 15.) The good sense of such a rule is apparent, wherever the practice of the case seems to require its application.

It is here sworn that several of these nominal plaintiffs are dead, and facts are stated to show that some others are probably so. Again, it is not improbable that Mead & Co., of St. Juan del Sur, hold the whole or most of these tickets as beneficial owners or assignees. (*See affidavits of Thompson and Cross.*) The defendant is entitled to the names of the plaintiffs and their residences, to prove this fact by their own evidence, if necessary, and to show that Mead & Co. have the right to sue. Again, he has a right to such information, in order to enable him to obtain security for costs from non-residents. And, as it appears that many of them were forwarded by Mead & Co. from St. Juan del Sur to San Francisco by sailing ves-

sels in 1852, the presumption is strong that some of them are non-residents. . The difficulty of complying with such a requisition in this case, forms no objection to its being made. We consider that an attorney who sues in court is bound to know the place of residence and occupation of his client, that it may be disclosed, if the rights of the defendants require it. This part of the application must be granted.

2. The next branch of the motion relates to the exhibition, by the attorney, of his authority to sue in the names of these numerous plaintiffs. It is true that, in general, the authority of an attorney is to be presumed from his appearing on the record. And the statute has only provided for the production of his power in cases of ejectment. (2 *R. S.* 305, § 12.) But the present case is very peculiar. Upon the affidavits produced by the defendant, it is made out that certainly many of these passage tickets have been transferred to Mead & Co., and are, perhaps, owned by them. The right of action was assignable. It appears by the affidavits produced by the plaintiffs' attorney, since the argument of this motion was agreed to be used by us, that a power, or powers of attorney, were executed by a number of the plaintiffs to Mead & Co., authorizing them to employ attorneys and counsel for the purpose of enforcing their claims. It is alleged that this power has been burnt. It is not alleged that a draft or copy is not in existence, nor that the parties cannot give a satisfactory statement of its general contents. If the draft or copy was directed to the attorney, no doubt the court would ask for its production. The case cannot be varied, where it is an authority to another to employ the attorney. In various cases, the undoubted right of the court to call for an exhibition of the power of an attorney is declared. In a few it is considered as an absolute, unqualified right of the defendant. Thus, in *Clark* agt. *Holliday*, (9 *Miss. Rep.* 711,) it was held that the court would inquire, whenever requested, into the authority of an attorney to appear. The court in Tennessee recognized the same rule in *Gillespie's case*, (3 *Yerger*, 325.) In *M'Allister* agt. *Wright*, (3 *Monroe's Rep.* 194,) it was so far qualified as to impose upon the de-

fendant the task of showing that rights might be jeoparded, unless it was observed. The general power was recognized in *Allen* agt. *Green*, (*Bailey's Rep. S. Car.* 448.) See also *Cantwell* agt. *Merifee*, (2 *Pike's Rep.* 355,) and *West* agt. *Houston*, (3 *Harrington*, 15.) In 5 *Halstead*, 251, it was held that it was not the proper subject of a plea, that the attorney had no authority to prosecute the suit. The proper mode was by motion to the court to stay proceedings. It seems to be the settled law in England, that if a plaintiff questions the attorney's power to sue for him, and makes an affidavit denying it, nothing but a written authority will suffice. (*Maries* agt. *Maries*, 23d *Eng. Law and Eq. Rep.* 22 ; *Allen* agt. *Bone*, 4 *Beavan*, 493.) We consider the circumstances of this case as calling upon the court to exercise its power to require the best and most perfect exhibition of the power under which he acts that can be given—the original authority under which his authority is derived being lost. The order will be as follows :—

Upon reading and filing order to show cause herein, and affidavits of the defendant and William K. Thorne and others, submitted on the part of the defendant, and also the affidavits of William Silliman, Esq., and William H. Mead, submitted on the part of the plaintiffs respectively, and also upon reading the several complaints of the said respective plaintiffs, and on hearing counsel in behalf of the parties respectively,—it is, on motion of Horace F. Clark, Esq., of counsel for defendant, ordered : That the attorney for the plaintiffs, in the several above entitled causes, furnish in writing, and verified by oath, to the attorney for the defendant, the names and present places of residence of the said plaintiffs respectively, in the manner and to the extent specified in the order to show cause : that is to say, with the christian names of the plaintiffs in each of said causes in which such christian name is not stated in the complaints respectively, and specifying the state, county, town, and village where each of the plaintiffs respectively resides; and if they, or any or either of them, reside in a city, then giving the street and number of such residence, and also specifying the occupation of the plaintiffs respectively.

Vincent and others agt. Vanderbilt.

And it is further ordered, that the said attorney for the plaintiffs in the said above entitled suits, do also deliver to the attorney for the defendant, a sworn copy of the power of attorney, under or in pursuance of which the said suits are alleged to be instituted, mentioned in the said affidavit of William H. Mead, so recorded and filed on the behalf of the said plaintiffs upon this motion, and therein stated to have been executed by the said several plaintiffs to the said Mead, if the draft or any copy of the said power of attorney or written authority is in existence, and if not, then that he deliver a statement, verified by oath, of the substantial contents, extent, purport, and effect of the same, and of the powers conferred therein, and the consideration expressed therein, or upon which the same purported to be given to the said Mead, or to Mead & Co., and for whose use and benefit the suits alleged to have been thereby authorized were to be prosecuted, and at whose risk, cost, and expense, so far as such particulars, or any or either of them, were contained in such power of attorney or written authority, and as nearly in the words of the said power as he may be able to furnish the same, or as may be practicable. And all proceedings in the said several suits are hereby stayed until the further order of this court, with leave to either party to apply to the court for such further or other relief as he may be advised.